UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur R. Moseley, | ) Civil Action No. 3:06-1911-HFF-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Mr. Brayboy, Chief of Security; Sgt. Alphonso Brown; Ofc. Nick Murry; Nurse J.C. Holder; and Doctor Jacobson, sued in individual capacity; | ) REPORT AND RECOMMENDATION |
| Defendants. | ) |

Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On November 21, November 28, and December 5, Defendants filed motions for summary judgment. By orders of this court filed November 28 and December 7, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Both Roseboro orders were returned to the court in envelopes marked "out" and "unable to forward."

As Plaintiff is proceeding pro se, the court filed a second order on January 12, 2007, allowing him an additional fifteen days in which to advise the court whether he wished to continue to prosecute this action. Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. He did not respond to the order.

A Report and Recommendation was issued on February 1, 2007 pursuant to Fed. R. Civ. P. 41(b). It was later learned that Plaintiff updated his address in another case (Civil Action Number 4:06-2446-HFF-JRM), but failed to do so in this action. In an abundance of caution, the undersigned issued an order on February 9, 2007, withdrawing the Report and Recommendation. The Clerk of Court was directed to update the docket to reflect Plaintiff's new address and to send copies of the

Roseboro orders to Plaintiff's new address. As of this date, Plaintiff has not responded to the court's orders or the motion for summary judgment filed by Defendants.

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motions for summary judgment or the court's orders requiring him to respond. Additionally, Plaintiff failed to keep the Clerk of Court advised in writing of his address change.[*]  No other reasonable sanctions are available. Accordingly, it is

---

[*] In an order filed July 20, 2006, Plaintiff was informed:
You are ordered to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this Order. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you

(continued...)

recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

                Respectfully submitted,

                s/Joseph R. McCrorey
                United States Magistrate Judge

May 2, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[*](...continued)
have filed with this Court.  Your failure to do so will not be excused by the court.
Plaintiff was again reminded of this obligation in the undersigned's February 9, 2007 order.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).